IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

KEANNA MARIE MOORE,    )
           )
           )   2:25-CV-01358-MJH
           )
   Plaintiff,    )
           )
  vs.        )
           )
COMMISSIONER OF SOCIAL  )
SECURITY, COMMISSIONER OF )
SOCIAL SECURITY;

   Defendant,

OPINION

Pending before the court is an appeal from the final decision of the Commissioner of

Social Security, denying the claim of Keanna Marie Moore for Social Security Disability

Insurance ("SSDI") under of the Social Security Act ("SSA"), 42 U.S.C. §§ 405(g).   Ms. Moore

contends the Administrative Law Judge (the "ALJ") erred by failing to properly evaluate her

residual functional capacity ("RFC"), and failing to properly evaluate her fibromyalgia.

Ms. Moore has moved for summary judgment pursuant to Rule 56(c) of the Federal Rules

of Civil Procedure. The matter is now ripe for decision.   Following consideration of the

underlying administrative record (ECF No. 6), the respective motions and briefs (ECF Nos. 9,

10, 13, and 14), and for the following reasons, Ms. Moore's Motion for Summary Judgment will

be denied.

## I. Relevant Law and Background

### A.  Social Security Disability Eligibility

To be eligible for Social Security benefits under the SSA, a claimant must demonstrate

that he or she cannot engage in "substantial gainful activity" because of a medically determinable

physical or mental impairment which can be expected to result in death, or which has lasted or

can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §

423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). When reviewing a claim,

the ALJ must utilize a five-step sequential analysis to evaluate whether a claimant has met the

requirements for disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine:

1.   whether the claimant is currently engaged in substantial gainful activity;

2.   if not, whether the claimant has a severe impairment or a combination of impairments that is severe;

3.   whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1;

4.   whether the claimant's impairments prevent him from performing his past relevant work; and

5.   if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003).

If the claimant is determined to be unable to resume previous employment, the burden

shifts to the SSA/Commissioner at Step 5 to prove that, given claimant's mental or physical

limitations, age, education, and work experience, he or she is able to perform substantial gainful

activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir.

1986).

B.  Background

In her application for Social Security Disability, Ms. Moore asserted her ability to work

was limited by 1) fibromyalgia; 2) diabetes; and 3) high blood pressure. (ECF No. 6-6 at p. 3).

She testified that she experienced pain, difficulty standing, sitting, or walking for long periods,

difficulty lifting, and anxiety attacks (ECF No. 6-2 at 46-48; ECF No. 6-6 at p. 261).  Ms. Moore

also reported that she still attended church and doctor's appointments, enjoyed reading and

writing, and participated in aqua-therapy.  *Id*. at p.  265.  Medical records indicated a history of

fibromyalgia, sciatica, hypertension, and obesity.  (ECF No. 6-2 at p. 27).

C.  ALJ's Decision

Following a hearing on Ms. Moore's application for a period of disability and disability

insurance benefits, the ALJ made the following findings under the five-step sequential analysis:

\*\*\*

2.    The claimant has not engaged in substantial gainful activity since September 7, 2021, the alleged onset date (20 CFR 404.1571 et seq.). **[STEP 1]**

3.    The claimant has the following severe impairments:  degenerative  disc disease, fibromyalgia, hypertension, and obesity. (20 CFR 404.1520(c)). **[STEP 2]**

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). **[STEP 3]**

5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is capable of occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, crawling, and never climbing ladders, ropes, or scaffolds;; never working at unprotected heights or with moving mechanical parts; never operating a motor vehicle; occasional exposure to extreme cold, extreme heat, wetness, humidity, vibration, and dust, odors, fumes, and pulmonary irritants. **[RFC]**

6.    The claimant is unable to perform any past relevant work (20 CFR 404.1565). **[STEP 4]**

\*\*\*

10.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a,). **[STEP 5]**

11.     The claimant has not been under a disability, as defined in the Social Security Act, from September, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(ECF No. 6-2 at pp 21-30).

## II.     Standard of Review

Judicial review of the Commissioner's final decision denying a claimant's application for benefits is provided by federal law. 42 U.S.C. § 405(g). The judicial review of a final decision is plenary with respect to questions of law. *Schaudeck v. Comm'r Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual findings, this court must determine whether there is substantial evidence which supports the findings of the Commissioner. "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389 (1971)). The deferential standard has been referred to as "less than a preponderance of evidence but more than a scintilla." *Burns v. Burhart*, 312 F.3d 113, 118 (3d Cir. 2002).

This standard, however, does not permit the court to substitute its own conclusion for that of the fact-finder. *Id*.; *Fargnoli v. Massonari*, 247 F.3d 34, 38 (3d Cir. 2001) (reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless whether the court would have differently decided the factual inquiry). The court will not affirm a determination by substituting what it considers to be a proper basis even if it might have reached a different conclusion. *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196-7 (1947).

## III.     Discussion

### A.  ALJ's RFC's Findings

Ms. Moore contends that the ALJ did not adequately evaluate her RFC by not providing a logical link between the evidence and the RFC limitations.  Ms. Moore argues that the ALJ did not explain how the evidence supported either sedentary work or the ALJ's conclusions that Ms. Moore could occasionally perform most postural activities and occasionally tolerate exposure to many environmental conditions.  Ms. Moore maintains that the hearing decision contained no discussion of these limitations or what evidence supported them at all.

The Commissioner argues that the ALJ adequately weighed the evidence, which included medical opinions, medical evidence, and Ms. Moore assertions, and properly concluded the evidence supported an RFC for sedentary work with additional limitations.

The RFC represents the most an individual can do despite their medical conditions and related symptoms. 20 C.F.R. § 404.1545(a); Social Security Ruling (SSR) 96-8p, 1996 WL 374184, *1 (July 2, 1996). The ALJ will base the RFC on all the relevant evidence, including medical records, medical opinions, and the individual's subjective allegations and other statements. 20 C.F.R. § 404.1546(c). The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).

It is Plaintiff's burden to demonstrate that her impairments require more restrictive limitations; she has not done so here. See 20 C.F.R. § 404.1512(a); *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); *Louis v. Comm'r Soc. Sec.*, 808 Fed.Appx. 114, 117 (3d Cir. 2020); *Sharp v. Astrue*, No. 02-0910, 2011 WL 4351616 at *5 (W.D. Pa. Sept. 16, 2011) ("While Plaintiff may not have enjoyed complete relief of her symptoms, Plaintiff fails to illustrate how her remaining limitations were not adequately accommodated in the ALJ's hypothetical to the vocational expert."). Indeed, Plaintiff must "explain[] how, even if the ALJ's analysis was lacking, the

5

deficiency was harmful to her claims," including "affirmatively point[ng] to specific evidence that demonstrates [s]he should succeed." *Woodson v. Comm'r of Soc. Sec.*, 661 F. App'x 762, 765-66 (3d Cir. 2016).

Here, in support of his determination relative to sedentary work and postural limitations, the ALJ acknowledged that Ms. Moore had subjective complaints of "pain, difficulty standing, sitting, or walking for long periods, difficulty lifting, and anxiety attacks." The ALJ found that Ms. Moore's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (ECF No. 6-2 at p. 25). In his decision, the ALJ identified that Ms. Moore's was diagnosed with fibromyalgia in 2022, which limited her ability to work as a home health aide, but the medical evidence demonstrated that the pain was controlled with pain management and her participation in physical therapy.  *Id*. Regarding her degenerative disc disease and related impairments, the ALJ noted that a lumbar MRI revealed only minimal degenerative changes, and Ms. Moore's physical examinations documented normal gait, normal range of motion, normal strength, and normal sensation. *Id* at pp. 24-25. Regarding hypertension and obesity, the ALJ noted medical records that demonstrated that that Ms. Moore's hypertension was asymptomatic, and lifestyle changes had led to successful weight loss.  *Id*.

Finally, the ALJ evaluated the medical opinions and prior administrative medical findings in the record, wherein he found that the opinions of state agency physicians—that Plaintiff could perform medium work with additional limitations—only partially persuasive, explaining that "[o]ther medical records support sedentary work."  *Id*. at p. 26. The ALJ also assessed the

6

medical opinion of internal consultative examiner Melissa Walls, NP, who found Ms. Moore capable of performing frequent postural activities; frequently tolerating environmental conditions; and tolerating loud noise.  *Id*.  The ALJ found this opinion partially persuasive, because NP Walls' examination findings—including normal gait, ability to walk on heels and toes, no help needed for getting on/off the exam table, rising from a chair without difficulty, and normal sensation, strength, and range of motion—did not support such restrictive standing and walking limitations for sedentary classification.  *Id*.  The ALJ also referenced other medical records, such as an unremarkable physical examination in October 2023, supported an RFC for sedentary work with additional limitations.  Based upon this record evidence, the ALJ properly concluded that Ms. Moore remained capable of performing sedentary work with additional postural and environmental limitations, and that "a stricter [RFC] is not warranted."  *Id*. at p. 27. The ALJ explained his RFC findings sufficiently for the Court to connect the record evidence with his RFC findings. Thus, the ALJ's RFC is based on substantial evidence, and the Court finds no error in this finding.

### B.  ALJ's Fibromyalgia Consideration

Next, Ms. Moore argues the ALJ erred in considering her fibromyalgia when evaluating her RFC.  She also contends that, when evaluating Plaintiff's RFC, the ALJ's discussion of Plaintiff's fibromyalgia relied exclusively on the objective clinical and diagnostic evidence and minimized Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms.  Ms. Moore maintains that, had the ALJ properly considered hers and her treating source's statements, the evidence would have shown that her testimony of disabling fibromyalgia symptoms was both internally consistent and consistent with fibromyalgia symptoms.

The Commissioner argues that the ALJ complied with social security regulations; and, since Ms. Moore presented with orthopedic conditions such as degenerative disc disease in addition to fibromyalgia, the ALJ reasonably considered objective findings, along with other subjective evidence, when assessing Moore's RFC.

SSR 12-2p provides "guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromyalgia disability claims [under] the Social Security Act." SSR 12-2p, 2012 WL 3104869 (Jul. 25, 2012). Said regulation provides criteria to determine whether fibromyalgia is a medically determinable impairment and states that, once an impairment is established, the ALJ engages in the five-step sequential analysis. *See id.*   In addition, the Third Circuit has recognized that, in fibromyalgia cases, the ALJ may still consider whether a claimant has normal examination findings, which may suggest that the claimant's pain does not prevent her from working. *See Prokopick v. Comm'r of Soc. Sec.*, 272 F. App'x 196, 199 (3d Cir. 2008) ("Even in fibromyalgia cases, the ALJ must compare the objective evidence and the subjective complaints and is permitted to reject plaintiff's subjective testimony so long as he provides a sufficient explanation for doing so."); *Dixon v. Comm'r of Soc. Sec.*, 183 F. App'x 248, 252 (3d Cir. 2006) (recognizing that the ALJ properly noted the medical evidence showed normal physical findings and no muscle atrophy as might suggest an inability to perform sedentary work in finding that claimant was not disabled); *Orbin v. Barnhart*, 38 F. App'x 822, 822-23 (3d Cir. 2002) (finding that normal physical examinations supported ALJ's findings that a claimant's complaints of debilitating pain from fibromyalgia were not consistent with the objective medical evidence). This is consistent with SSR 12-2p, which states that "[a]s with any claim for disability benefits . . . we must ensure there is sufficient objective evidence to support a finding that the person's impairment(s) so limit

8

the person's functional abilities that it precludes him or her from performing any substantial gainful activity." SSR 12-2p, 2012 WL 3104869, at *2 (emphasis added).

Here, the ALJ noted Ms. Moore's subjective complaints of pain from her fibromyalgia. (ECF No. 6-2 at p. 24). The ALJ acknowledged Ms. Moore's subjective reports that her pain limited her ability to work as a home health care aide; that she was following with pain management; and that on days when she felt overwhelmed or stressed, her pain became "unbearable" and she spent the day in bed. *Id*. However, the ALJ also noted that Ms. Moore's treating medical records that characterized her pain on normal days as "controlled." *Id*. Ms. Moore reported working with physical therapy and following a home regimen. *Id*. The ALJ also summarized the objective findings contained in the record, wherein physical examinations routinely documented normal gait, normal range of motion, normal strength, and normal sensation. *Id*. Therefore, the ALJ sufficiently evaluated Ms. Moore's fibromyalgia in his RFC findings. Accordingly, such finding was based on substantial evidence, and the Court finds no error.

## IV.    Conclusion

Accordingly, Plaintiff's Motion for Summary Judgment is denied. The within appeal is dismissed, and the Clerk will mark the case closed.

DATED this 29th day of July, 2026.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge

9